## BEMUS v. THRALL et al.

(Supreme Court, Special Term, Erie County. May 17, 1901.)

MORTGAGES — FORECLOSURE — SURPLUS — CONFLICTING CLAIMS — REFERENCE—COSTS.

Where a second mortgagee claimed a surplus arising on the sale of mortgaged property, and a reference was ordered to determine a contest between such mortgagee and other creditors, in which it was determined that such second mortgage was fraudulent as to such creditors' rights, and it appeared that the surplus was insufficient to pay the contesting creditors' claims, a judgment for costs of the reference was properly rendered against the mortgagee.

Action by Jane Bemus against Lucia A. Thrall and others for the foreclosure of a mortgage, in which Brigham N. Thrall filed a claim to surplus under a second mortgage, which claim was held to be void as to creditors of the mortgagor on a reference ordered in a contest between such mortgagee and the mortgagor's creditors. Application for judgment for the costs of reference against claimant. Granted.

Thirteen different creditors of the mortgagors obtained judgments upon their claims, upon which executions were returned unsatisfied, and proceedings supplementary to execution were begun, resulting in the appointment of George T. Armstrong as receiver of the property of the mortgagors (judgment debtors). The receiver filed a claim on behalf of these creditors of the mortgagors, and attacked the mortgage of Brigham N. Thrall as fraudulent, claiming the same to have been given by the mortgagors and received by the mortgagee in fraud of their rights, and such receiver asked that such mortgage be postponed until after the payment of the judgments represented by him. Reference was had to try the claims and determine their priority, and the referee reported in favor of the claimants represented by the receiver, and that the mortgage held by Thrall was fraudulent. Upon the application for the confirmation of the referee's report, it appearing that the whole surplus fund was insufficient to pay the claims of the creditors represented by him in full, the receiver asked the court to charge the unsuccessful claimant, Thrall, with the whole of the costs and expenses of the contest over his claim.

Alfred L. Furlow, for receiver.
Jerome B. Fisher, for claimant Thrall.

CHILDS, J. This is a motion by claimants of surplus moneys arising from sale of mortgaged premises to charge the claimant Brigham N. Thrall with the payment of costs. Upon the motion to confirm the report of the referee in this proceeding, which was unopposed, an order was made confirming the same, and charging Thrall personally with the payment of $250 costs. That order has been, by stipulation, so far vacated as to permit the claimant Thrall to be heard on the question of costs, and that question has now been presented by counsel both on the part of the claimants and Thrall. Thrall claimed the whole surplus as the holder of a subsequent mortgage executed by Thrall and Peck, the owners of the equity of redemption under the mortgage foreclosed. The referee, after a protracted hearing or trial, reached the conclusion and decided that the mortgage under which Thrall claimed was given without consideration, and to hinder, delay, and defraud the creditors of Thrall and Peck, and was, as to the creditors of Thrall and Peck, fraudulent and void. The disposition of this motion has required an examination of the testimony taken by the referee, and such examination has led to the conclusion that the findings of fact and conclusions of law of the referee are supported by such testimony, and that the mortgage held by Thrall was properly held not to entitle him to the surplus in question. The other claimants are judgment creditors of Thrall and Peck, and it appears that an application of the entire surplus arising from the sale in this action will come about $300 short of paying their judgments and the costs of this proceeding, and that such costs were substantially all incurred in defeating the fraudulent claim of Thrall. Such being the situation, it is not inequitable that he should indemnify the other claimants from loss by reason of the costs thus incurred.

The order heretofore made requiring Thrall to pay $250 of such costs should stand, and an order to that effect may be entered. No costs of this motion besides the $10 awarded on the confirmation of the referee's report.